## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JORGE ZELAYA, A/K/A JAIME CARRANZA,  §
§
*Petitioner*,  §
§
v.  §  CIVIL ACTION H-12-3522
§
WILLIAM STEPHENS,  §
§
*Respondent*.  §

### MEMORANDUM OPINION AND ORDER

State inmate Jorge Zelaya, a/k/a Jaime Carranza, filed a section 2254 habeas petition challenging his conviction and life sentence for aggravated robbery.  Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 17).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner pleaded guilty to aggravated robbery with a deadly weapon and was sentenced to life incarceration.  The conviction was affirmed on direct appeal.  *Zelaya v. State*, No. 01-09-00377-CR, 2010 WL 1729345 (Tex. App. – Houston [1st Dist.] 2010, pet.

ref'd).  The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's application for state habeas relief.  *Ex parte Zelaya*, WR-78,326-02.[1]

Petitioner raises the following claims for federal habeas relief:

1.      He was denied his right to present a defense because

        a.      counsel did not speak his native language;

        b.      the court did not rule on his *pro se* motion to dismiss counsel;

        c.      a translator was not present when he signed his plea papers, and he did not understand what he was signing;

        d.      counsel visited him only once and did not discuss the case or ask if there were favorable witnesses;

        e.      counsel misled him into believing that the complainants had moved out of state, but did not explain that the State had no case if the complainants were unavailable; and

        f.      counsel never explained his right to a presentence investigation ("PSI") and he was never interviewed for one.

2.      Trial counsel was ineffective in

        a.      failing to secure a translator for their meetings and for signing the plea papers;

        b.      failing to object to the PSI on the basis that he was not interviewed and was not evaluated for drug and alcohol treatment;

        c.      failing to object to the PSI on the basis that the interviewer did not determine if drugs or alcohol were involved in the offense;

---

[1]Petitioner contends that the Court should stay and abate review of this petition because his habeas challenges to his other two convictions remain under consideration by the state court. The Court declines to stay and abate, as the state court has already ruled on petitioner's challenges to the instant conviction.

      d.      failing to investigate drug and alcohol abuse or obtain a substance abuse expert witness;

      e.      failing to file a motion to suppress his videotaped police statement;

      f.      failing to object to the deadly weapon finding at punishment;

      g.      failing to object to the State's notice of intent to introduce the hearsay statement of a child abuse victim;

      h.      failing to object to insufficient evidence to support the guilty plea;

      i.      failing to inform him that if the complainants were not in Texas they could not testify against him; and

      j.      failing to advise him about the parole implications of a deadly weapon finding.

3.      Because trial counsel was ineffective, his plea was involuntary.

4.      Appellate counsel was ineffective in failing to raise insufficiency of the evidence.

5.      The evidence is insufficient to support the deadly weapon finding.

6.      His sentence is grossly disproportionate to the crime.

Respondent argues that these claims were waived by the guilty plea, are procedurally defaulted, and/or are without merit.

### Factual Background

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction:

> Appellant pleaded guilty to aggravated sexual assault of a child, aggravated robbery, and burglary of a habitation with intent to commit aggravated sexual assault of a child.  Appellant admitted to having broken into sixteen-year-old

E.G.'s house and sexually assaulting her at knifepoint on September 6, 2007. During the commission of this offense, appellant caused bodily injury to another child younger than fifteen years of age by grabbing the child's neck and throwing him to the ground.

At the punishment hearing, P.H., who had also been sexually assaulted by appellant, testified that when she arrived home from school on August 29, 2007, she found appellant burglarizing her house. Appellant demanded money from her. When P.H. told appellant that she did not have any money, appellant told her that she was 'going to have to pay him with something else.' Appellant subsequently tore off P.H's clothes, tied her to the bed, and sexually assaulted her. P.H. managed to untie herself and locked herself in her sister's room, but appellant knocked down the door.

When P.H. was taken to the hospital, she was treated for a tear on her vagina along with bruises and swelling. P.H. also suffered linear bleeding. The Houston Police Department Crime Lab identified appellant as the source of the semen that was found in P.H.'s vagina.

*Zelaya*, at *1 (citations omitted). Following the completion of a PSI, the trial court sentenced petitioner to three concurrent life sentences.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).

4

A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### Denial of Right to Present a Defense

Petitioner contends that he was denied his constitutional right to present a defense for the following six reasons.  The Court notes that the state trial court construed these claims

as raising ineffective assistance of trial counsel.   The distinction, however, is of no consequence as the factual allegations underlying petitioner's claims are not supported in the record.

### Counsel did not speak his native language

Petitioner complains that trial counsel did not speak petitioner's native language.   In responding to this claim on collateral review, trial counsel submitted an affidavit in which he testified that, "I have a B.A. degree in Spanish, and communicated with applicant in his native tongue."   *Ex parte Zelaya*, p. 71. The trial court expressly found trial counsel's affidavit testimony to be "true and credible," and denied habeas relief. *Id*., pp. 95–96.   The trial court further found that, in his *pro se* motion to dismiss counsel, petitioner made no "mention of counsel's inability to communicate with the applicant in the appropriate language/dialect." *Id*., p. 96.   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id*., at cover.

This Court may not review the trial court's credibility determinations. *See Morales v. Thaler*, 714 F.3d 295, 303 (5th Cir. 2013) ("AEDPA does not allow federal habeas courts to gainsay state courts' assessments of credibility on a cold paper record.").   Consequently, petitioner's disagreement with his trial counsel's factual statements and with the trial court's factual findings based on credibility determinations affords him no benefit before this Court.

The state court denied relief on this claim.   Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal

7

law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *The trial court did not rule on his pro se motion to dismiss counsel*

The record shows that petitioner filed a *pro se* motion with the trial court, asking that his trial counsel be dismissed.  Petitioner complains that the trial court failed to rule on the motion.

It is undisputed that petitioner filed the motion prior to electing to plead guilty.  As part of the plea bargain pleadings executed by petitioner, petitioner testified that he was satisfied with trial counsel's performance in all respects.  A defendant's guilty plea waives all non-jurisdictional defects in the proceedings, except as to claims for ineffective assistance of counsel relating to the knowing and voluntary nature of the plea.  *See U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  Thus, the instant claim was waived by petitioner's guilty plea, and respondent is entitled to summary judgment dismissal of the claim.

### *Lack of a Translator at Plea Hearing*

Petitioner complains that he was not provided a translator at the plea hearing and that he signed the plea papers unaware of their content.  These allegations are refuted by the record, which shows that petitioner was provided an interpreter at the hearing, and that the interpreter read the papers to petitioner.  C.R. at 67.  Further, the trial court rejected the factual bases for petitioner's claims, as follows:

9.      The applicant's claim that 'when I signed the plea papers, a translator was not there,' is not credible in light of the fact that the plea papers reflect the name of the translator present on the date the papers were signed.

*    *    *    *

15.     The records reflect that a translator was present at the time the applicant signed the plea papers and at the time of the PSI hearing.

*Ex parte Zelaya*, pp. 96–97 (record citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

This Court may not review the trial court's credibility determinations. *See Morales*, 714 F.3d at 303. Consequently, petitioner's disagreement with the trial court's factual findings based on credibility determinations affords him no benefit before this Court. Nor do his disagreements with the facts prevail against matters appearing in the record.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Discuss Case with Petitioner*

Petitioner complains that trial counsel visited him only once prior to the plea hearing, and did not discuss the case or ask if there were favorable witnesses. In responding to this claim on collateral review, trial counsel testified in his affidavit that

9

> I conducted a thorough investigation of applicant's cases.  I obtained copies of and reviewed all witness statements, and the offense reports and supplements.  I had several discussions with applicant about the charges, as well as his options.

*Ex parte Zelaya*, p. 76.  In rejecting petitioner's claim, the trial court expressly found that trial counsel's affidavit statements were true and credible, and that:

> 14.   The applicant fails to demonstrate that counsel's communications with him fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

*Id.*, pp. 95–96.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  *Id.*, at cover.

Petitioner fails to set forth probative evidence of any material information or evidence he was unable to discuss with counsel.  His conclusory allegations of counsel's failure to discuss the case fail to raise a genuine issue of material fact precluding summary judgment against him.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that, although *pro se* habeas petitions must be construed liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").  Moreover, petitioner provides no identification or information regarding any material defense witness who would have been available and who would have testified favorably to the defense.  *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal

law, or was an unreasonable determination of the facts based on the evidence in the record.

Respondent is entitled to summary judgment dismissal of this claim.

*Misrepresentations Regarding Complainants*

According to petitioner, trial counsel mislead him into believing that the complainants and witnesses had moved out of state or were otherwise unavailable, and failed to inform him that the State had no case without them.  Petitioner asserts this both as a claim for denial of the right to present a defense and as grounds for ineffective assistance of counsel.

In responding to petitioner's claim on collateral review, trial counsel testified in his affidavit that, "Not only were the State's witnesses available to testify against applicant, but a prior rape victim was available and testified at the punishment hearing."  *Ex parte Zelaya*, p. 71.  He further testified that,

> [T]he State had an available rape victim from an extraneous home invasion to establish his intent to enter and rape.  This person was available to testify and was present at the PSI hearing.  I did inform [petitioner] of the extraneous rape victim.  In my opinion he decided to plead based in large part on her availability as a witness.

*Id*., p. 86.  Last, trial counsel testified that, "I believe the State had communicated with the complainant in the primary case prior to [petitioner's] entry of guilty pleas."  *Id*.

In rejecting petitioner's claim on collateral review, the trial court made the following relevant findings:

> 29.    The witness from the extraneous offense was available and testified at the PSI hearing.

11

30.     According to the credible affidavit of [trial counsel], the State did have contact with the complainant prior to the applicant's entry of guilty pleas.

31.     The applicant misunderstands the law when he asserts that counsel should have told him that 'if the alleged victims were not living in the State of Texas at the time scheduled for trial, then they wouldn't be subpoenaed to testify against me.'

32.     Had the applicant chosen to proceed with trial, the State could have subpoenaed out-of-state witnesses, if necessary.

33.     The applicant fails to demonstrate that counsel's advice with respect to the availability of witnesses fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

*Ex parte Zelaya*, p. 98.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id*., at cover.

Petitioner presents no probative summary judgment evidence that trial counsel misrepresented the location or availability of the State's witnesses, or that he misinformed him of the applicable law.  Nor does he establish that the complainants or witnesses would have been unavailable to testify against him at trial.  In short, petitioner fails to establish that he was denied his right to present a defense because of trial counsel's alleged misrepresentations or failures to  properly advise him.  His conclusory allegations of counsel's failures and misrepresentations are unsupported in the record and fail to raise a genuine issue of material fact precluding summary judgment against him.  *See Koch*, 907 F.2d at 530.

12

The state court denied relief on these claims.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. For like reasons, petitioner fails to establish either deficient performance or prejudice as to trial counsel's performance, and his claim of ineffective assistance of counsel is without merit.  The trial court rejected petitioner's claims for ineffective assistance of counsel, and petitioner fails to establish that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984), or was an unreasonable determination of the facts based on the evidence in the record.

Respondent is entitled to summary judgment dismissal of these claims.

*Lack of Communication Regarding PSI*

Petitioner next complains that trial counsel never explained his right to a PSI and that he was never interviewed for a PSI.  The record refutes these claims.

In rejecting these allegations on collateral review, the trial court made the following relevant findings:

11.    The applicant's claim that 'I later learned that I was entitled to a pre-sentence investigation ('PSI') report, but this process was never explained to me by [trial counsel],' is not credible, in light of the fact that the defendant did, in fact, receive the pre-sentence investigation to which he was entitled.

*        *        *        *

13.    The applicant's claim that 'nobody ever interviewed me with regards to the PSI report,' is not credible in light of the fact that the PSI report

13

reflects 'During the interview, the defendant was cooperative and answered all questions asked by this investigator.'

\*   \*   \*   \*

17.   The applicant fails to demonstrate that he was not interviewed for the PSI report.

\*   \*   \*   \*

20.   The applicant fails to demonstrate that he was not properly advised regarding PSI procedures and further fails to allege with specificity the information he was allegedly not given and how that lack of information affected his decision-making.

*Ex parte Zelaya*, pp. 96–97 (record citation omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id*., at cover.

Petitioner presents no probative summary judgment evidence that trial counsel failed to inform him of his right to a PSI or that a PSI was not undertaken with his participation. His conclusory allegations of counsel's failures and his denial of the right to present a defense are unsupported in the record and fail to raise a genuine issue of material fact precluding summary judgment against him.  *See Koch*, 907 F.2d at 530.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

14

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

15

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner contends that trial counsel provided ineffective assistance of counsel in the following additional six particulars.  He further claims that, because trial counsel was ineffective, his guilty plea was involuntary.  Because petitioner fails to establish ineffective assistance of counsel, his involuntary plea claim fails as a matter of course.

Petitioner raises the following instances of deficient performance:

*Failure to secure a translator*

Petitioner complains that trial counsel was ineffective in failing to obtain a translator when they met, when he signed the plea papers, and at the PSI hearing.  In responding to this claim on collateral review, trial counsel submitted an affidavit in which he testified that, "I have a B.A. degree in Spanish, and communicated with applicant in his native tongue." *Ex parte Zelaya*, p. 71. The trial court expressly found trial counsel's affidavit testimony to be "true and credible."  *Id.*, p. 95.  Further, and as found by the trial court, the record clearly shows that petitioner was provided a translator at the plea hearing and PSI hearing.

16

In rejecting petitioner's claim, the trial court found as follows:

8.    According to the credible affidavit of [trial counsel], counsel had a degree in Spanish, and was able to communicate with the applicant in his native tongue.

9.    The applicant's claim that 'when I signed the plea papers, a translator was not there,' is not credible in light of the fact that the plea papers reflect the name of the translator present on the date the papers were signed.

\*    \*    \*    \*

14.   The applicant fails to demonstrate that counsel's communications with him fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

15.   The records reflect that a translator was present at the time the applicant signed the plea papers and at the time of the PSI hearing.

16.   The applicant fails to demonstrate that counsel's reliance on an interpreter and the decision regarding the necessity therefore fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

*Ex parte Zelaya*, pp. 96–97 (record citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id*., at cover.

Petitioner fails to establish ineffective assistance of counsel, in that the record shows petitioner was provided an interpreter or translator for purposes of the plea hearing and the PSI hearing.  Moreover, the trial court found as credible trial counsel's testimony that he spoke, and was able to communicate, with petitioner in petitioner's native language. Petitioner fails to rebut the presumed correctness of the trial court's factual findings with

clear and convincing evidence.   Nor may this Court review the trial court's credibility determinations.   *See Morales*, 714 F.3d at 303 ("AEDPA does not allow federal habeas courts to gainsay state courts' assessments of credibility on a cold paper record."). Consequently, petitioner's disagreement with his trial counsel's factual statements and with the trial court's factual findings based on credibility determinations affords him no benefit before this Court.

Petitioner does not meet his burden of proof regarding these findings under the AEDPA standard of review.   His conclusory allegations and arguments constitute nothing more than disagreements with the trial court's findings, and are insufficient to preclude summary judgment dismissal of his claims.

The state court denied relief on this claim.   Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to object to the PSI*

Petitioner argues that trial counsel should have objected to the PSI on the basis that he was not interviewed, was not evaluated for drug and alcohol treatment, and that the interviewer did not determine whether drugs or alcohol had been involved in the offense.

In rejecting these allegations on collateral review, the trial court made the following relevant findings:

12.     According to the credible affidavit of [trial counsel], counsel read the PSI report to the applicant.

13.     The applicant's claim that 'nobody ever interviewed me with regards to the PSI report,' is not credible in light of the fact that the PSI report reflects 'During the interview, the defendant was cooperative and answered all questions asked by this investigator.'

*     *     *     *

17.     The applicant fails to demonstrate that he was not interviewed for the PSI report.

18.     The applicant fails to demonstrate that the PSI preparer failed to 'comply with his or her duties.'

19.     The applicant fails to demonstrate that counsel's failure to object to the PSI report fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

20.     The applicant fails to demonstrate that he was not properly advised regarding PSI procedures and further fails to allege with specificity the information he was allegedly not given and how that lack of information affected his decision-making.

*Ex parte Zelaya*, pp. 96–97 (record citation omitted).   The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

The trial court on collateral review explicitly found as not credible petitioner's allegation that he was not interviewed for the PSI report.  This Court cannot review the trial court's credibility determinations.  *See Morales*, 714 F.3d at 303 ("AEDPA does not allow federal habeas courts to gainsay state courts' assessments of credibility on a cold paper

19

record.").  Consequently, petitioner's repetitive assertion that he was not interviewed affords him no basis for federal habeas relief.

Petitioner does not meet his burden of proof regarding these findings under the AEDPA standard of review.  His conclusory allegations and arguments constitute nothing more than disagreements with the trial court's findings, and are insufficient to preclude summary judgment dismissal of his claims.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Failure to investigate drug and alcohol abuse*

Petitioner claims that trial counsel failed to investigate whether petitioner's criminal actions were the result of drug and/or alcohol use, and that he failed to obtain a substance abuse expert witness.

In responding to these allegations on collateral review, trial counsel testified in his affidavit as follows:

> Applicant never contended that his vicious crimes were in any way related to drug abuse.  Applicant never contended that any statements made by him were involuntary due to intoxication or for any other reason.

*Ex parte Zelaya*, p. 71.  In his supplemental affidavit, trial counsel testified that petitioner "never told me drug abuse caused his crimes.  He maintained that the sex was consensual

20

until I informed him of the extraneous rape incident." *Id.*, p. 86.  He further testified that he was aware petitioner had blamed drug abuse when he was interviewed for the PSI, but that "it is not unusual for a client to tell me one thing and the jury/PSI interviewer something quite different." *Id.*

In rejecting petitioner's claims on collateral review, the trial court made the following relevant findings:

> 21.    The applicant fails to present any evidence to demonstrate there was an expert available for trial and willing to testify that the effects of drug use should somehow mitigate the applicant's culpability for his crimes.
>
> 22.    The applicant fails to demonstrate that, had counsel presented an expert regarding drug abuse, there is a reasonable probability that it would have affected the sentence he ultimately received.

*Ex parte Zelaya*, p. 97.  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

The trial court expressly found trial counsel's affidavit and testimony to be credible, and this Court cannot revisit that finding.  *See Morales*, 714 F.3d at 303.  Consequently, petitioner's unsupported allegations that trial counsel should have investigated his drug and alcohol abuse and retained an expert substance abuse witness affords him no basis for federal habeas relief.  In particular, petitioner's bald assertion that his intoxicated condition was "obvious" from a review of the police videotape does not suffice to meet his burden of proof under AEDPA.  Nor does petitioner demonstrate that, had counsel investigated his substance abuse and/or retained a substance abuse expert, there is a reasonable probability that the

21

result of the proceeding would have been different.  Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to file a motion to suppress*

Petitioner complains that trial counsel failed to file a motion to suppress his videotaped police statement.  As grounds, petitioner contends that it was "obvious" he was under the influence of alcohol, crack cocaine, and ecstasy at the time, resulting in an "involuntary" statement.

In rejecting this claim on collateral review, the trial court found as follows

23.    The applicant fails to demonstrate that his voluntary intoxication was such that it would provide a basis on which counsel could have filed a motion to suppress his statement as involuntary.

24.    The applicant fails to demonstrate that counsel's actions in failing to move to suppress the applicant's statement fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

25.    In light of DNA results establishing to a significant degree of scientific certainty that the applicant's sperm was found in the complainant E.G.'s vagina, the applicant fails to demonstrate a reasonable probability exists that the result of the proceeding would have been different even if the statement had been suppressed.

*Ex parte Zelaya*, pp. 97–98 (record citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.  *Id.*, at cover.

It is well established that the failure to file a motion to suppress does not constitute *per se* ineffective assistance of counsel.  *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  Rather, the inquiry turns on whether the hypothetical motion to suppress would have been granted.  *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).  Defense counsel cannot be faulted for failing to raise a baseless objection.  *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a frivolous issue).  Here, petitioner's conclusory allegations fail to establish that, had counsel objected to the voluntariness of the statement on the alleged grounds, the motion would have been granted.  Even assuming it would have been granted, petitioner fails to demonstrate prejudice, as the trial court found that the DNA test results established that petitioner's sperm was in the complainant's sexual organ.  Consequently, petitioner's police statement was not essential to the State's case, and he establishes neither deficient performance nor actual prejudice.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Failure to object to the State's notice of intent*

Petitioner also claims that trial counsel should have objected to the State's notice of intent to introduce the hearsay statement of a child abuse victim.  In responding to this claim on collateral review, trial counsel testified in his affidavit that the notice was not legally or factually objectionable.  *Ex parte Zelaya*, p. 72.

Petitioner's claim was waived by his guilty plea.  Regardless, petitioner fails to demonstrate that, had trial counsel objected, the objection would have been sustained and the evidence excluded.  Nor does petitioner establish that, but for counsel's failure to object, there is a reasonable probability that the result of the proceeding would have been different. Neither deficient performance nor actual prejudice is shown.

The state court denied habeas relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to advise him as to parole implications*

Petitioner claims that trial counsel was ineffective in failing to advise him as to the parole implications of a deadly weapon finding.  In responding to this claim on collateral review, trial counsel testified in his affidavit that, "Applicant understood the existence and operation of state parole laws after consultations with me."  *Ex parte Zelaya*, p. 71.  In rejecting petitioner's claim, the trial court found that, "According to the credible affidavit of

24

[trial counsel], counsel explained to the applicant the existence and operation of parole laws." *Id*., p. 98.

The trial court on collateral review explicitly found as credible trial counsel's testimony that he explained the state parole laws to petitioner. This Court cannot review the trial court's credibility determinations. *See Morales*, 714 F.3d at 303 ("AEDPA does not allow federal habeas courts to gainsay state courts' assessments of credibility on a cold paper record."). Consequently, petitioner's bald assertion that trial counsel did not explain state parole law to him affords him no basis for federal habeas relief. His conclusory allegations and arguments constitute nothing more than disagreements with the trial court's findings, are unsupported in the record, and are insufficient to preclude summary judgment dismissal of his claims. Petitioner fails to meet his burden of proof regarding these findings under the AEDPA standard of review.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Insufficiency of the Evidence for Deadly Weapon Finding*

Petitioner claims that the evidence is insufficient to support the finding that he used or exhibited a deadly weapon – a knife – in commission of the offense. It is unclear whether

petitioner intended this argument to constitute a claim for ineffective assistance of counsel or stand as an independent claim. The Court will address both possibilities.

In rejecting petitioner's insufficiency of the evidence claim on collateral review, the trial court found as follows:

> 26. The applicant entered a plea of guilty to aggravated robbery in cause 1132279, by using and exhibiting a deadly weapon, namely a knife.
>
> *   *   *   *
>
> 38. The applicant's challenge to the sufficiency of the evidence is not cognizable in a post-conviction habeas proceeding.

*Ex parte Zelaya*, pp. 98–99 (citation omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

Petitioner did not challenge the sufficiency of the evidence on direct appeal, and the claim is procedurally defaulted and barred from consideration by the Court at this juncture. It is well settled that federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent state procedural default. *Harris v. Reed*, 489 U.S. 255. 265 (1989). Where a state court has explicitly relied on a procedural bar, a state petitioner's federal habeas petition cannot be granted absent petitioner's showing of good cause and actual prejudice attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Here, the state court expressly found that petitioner's challenge to the sufficiency of the evidence could not be addressed

on collateral review.  Petitioner fails to show good cause and prejudice for his procedural

default, and the Court is barred from considering or granting relief on the claim.[2]

Regardless, and in the interest of justice, the Court has made an independent review

of the record and finds petitioner's challenge to the deadly weapon finding to be without

merit.  The record shows that petitioner pleaded guilty to the charged offense, as follows:

> In open court and prior to entering my plea, I waive the right of trial by jury.
> I also waive the appearance, confrontation, and cross-examination of
> witnesses, and my right against self-incrimination.  The charges against me
> allege that in Harris County, Texas, JORGE ALBERTO ZELAYA, hereafter
> styled the Defendant, heretofore on or about September 6, 2007, did then and
> there unlawfully, while in the course of committing theft of property owned by
> DELMY ONIDA TORRES and with intent to obtain and maintain control of
> the property, intentionally and knowingly threaten and place DELMY ONIDA
> TORRES in fear of imminent bodily injury and death, and the Defendant did
> then and there use and exhibit a deadly weapon, to-wit: A KNIFE.
>
> I understand the above allegations and I confess that they are true and that the
> acts alleged above were committed on September 6, 2007[.]

*Ex parte Zelaya*, p. 60 (emphasis omitted) (Docket Entry No. 10-23, p. 20).

Petitioner argues that his judicial confession is insufficient to support the conviction,

as there is no evidence in the record that he used a knife in commission of the offense.

Petitioner overlooks the fact that the judicial confession itself constitutes evidence supporting

the conviction.  The judicial confession was a judicial stipulation of evidence executed by

petitioner.  *Id.*, pp. 60–61.  Moreover, and contrary to petitioner's assertions, the 9-1-1 call

transcript, police reports, and other documents appearing in the record reflect that the

---

[2]To any extent petitioner relies on ineffective assistance of his trial or appellate counsel as
establishing cause for the default, the Court denies his Sixth Amendment claims, *infra*.

assailant threatened one or both of the complainants with a knife. (Docket Entry No. 10-25, pp. 66, 71, 83, 117.) Consequently, the record supports the deadly weapon finding.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record.

Moreover, under these same facts, petitioner fails to demonstrate ineffective assistance of counsel in failing to object to insufficiency of the evidence to support the guilty plea conviction or the deadly weapon finding. In rejecting this claim, the trial court made the following additional finding on collateral review:

> 28.  As the applicant entered a plea of guilty and judicially confessed to the deadly weapon, the applicant fails to demonstrate that counsel's failure to object based on insufficient evidence to prove up a deadly weapon fell below an objective standard of reasonableness and that but for the alleged deficiency, a reasonable probability exists that the result of the proceeding would have been different.

*Ex parte Zelaya*, p. 98. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. *Id.*, at cover. Petitioner does not establish that, but for counsel's failures to raise these sufficiency objections, there is a reasonable probability that the result of the proceeding would have been different, and neither deficient performance nor prejudice are established.

The trial court expressly found that trial counsel provided petitioner reasonably effective assistance of counsel. Petitioner fails to show that the state court's determination

was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

Respondent is entitled to summary judgment dismissal of petitioner's claims challenging the sufficiency of the evidence as to the deadly weapon finding and counsel's failure to raise such challenge.

### Ineffective Assistance of Appellate Counsel

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690–91.

Petitioner claims that appellate counsel was ineffective in failing to challenge the sufficiency of the evidence to support the conviction and deadly weapon finding.

In rejecting this claim on collateral review, the trial court made the following relevant findings:

40. In the instant case, appellate counsel filed a brief, challenging the applicant's sentence on Eighth Amendment grounds.

41. The applicant fails to show that the claims appellate counsel made were outside professional norms.

42. The applicant fails to show that arguments appellate counsel raised were objectively unreasonable.

43. The applicant fails to show that, had counsel made one of the arguments the applicant now suggests, the results of the proceeding would have been different.

44. The applicant received constitutionally effective assistance of counsel on appeal.

*Ex parte Zelaya*, p. 40 (citation omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

As already shown, the judicial confession and stipulation executed by petitioner during his guilty plea hearing constituted evidence sufficient to support the guilty plea and conviction. Moreover, and contrary to petitioner's assertions, the record contains documents showing that a knife was used in the commission of the criminal offense. Accordingly, petitioner shows neither deficient performance nor actual prejudice, in that he fails to show

that, but for appellate counsel's failure to raise insufficiency of the evidence on appeal, there is a reasonable probability that the results of the appeal would have been different.

The state court denied relief on this claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Grossly Disproportionate Sentence

Petitioner last complains that his life sentence was grossly disproportionate to the offense, in violation of his Eighth Amendment protections.

In rejecting this claim, the intermediate state court of appeals found that petitioner had failed to preserve error as to his claim:

> The trial court assessed punishment at life imprisonment on each of the three offenses.  Upon sentencing, appellant told the trial court, 'I think it's too much time.'  Appellant's counsel did not object.

> Appellant contends that 'the dialogue he had with the trial court immediately upon hearing the judge assess three life sentences preserved for appellate review the constitutionality of the life sentences.'

> In this case, appellant was charged with and pleaded guilty to aggravated sexual assault of a child, aggravated robbery, and burglary of a habitation with intent to commit aggravated sexual assault of a child.  The punishment for a first-degree felony is confinement for life or any term of not more than ninety-nine years or less than five years.  As noted above, the court assessed punishment at life in prison for all three first-degree felonies.  Thus, appellant received a punishment within the applicable statutory range.

The Eighth Amendment of the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted.  However, to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.

After the trial court announced its sentence at the punishment hearing, appellant voiced his sole objection to the maximum punishment by stating, 'I think it's too much time.'  Appellant made this objection; defense counsel made no objection, despite the judge's asking twice if there was anything else counsel would like to say.

In *Rezac v. State*, the Texas Court of Criminal Appeals stated that '[i]n order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection.'  At no time did appellant argue that his sentence violated the Eighth Amendment of the United States Constitution or Article 1, Section 13 of the Texas Constitution.  Appellant's only statement was, 'I think it is too much time.'  Accordingly, we hold that appellant has failed to preserve his error for appeal on this issue. [FN. Moreover, we note that appellant's counsel did not object.  A criminal defendant is not entitled to hybrid representation.]

*Zelaya*, at *1–*2 (citations omitted).

Nonetheless, the appellate court further found, in the alternative, that petitioner's

claim lacked merit:

In two related issues on appeal, appellant contends that the court's assessment of 'three life sentences violates the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution because they are disproportionate to the crimes committed by appellant.'  We affirm.

\* \* \* \*

[A]ppellant contends that his triple life sentences are unconstitutional under the Eighth Amendment to the United States Constitution.  Appellant argues that his punishment was so disproportionate to his crimes that it constituted cruel and unusual punishment under the Eighth Amendment.  The statutory

32

punishment for a first-degree felony is confinement for life or any term of not more than ninety-nine years or less than five years.  The court assessed the maximum punishment in these cases.

'Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment.'  *Solem*[.]  The Supreme Court has set forth objective factors to be considered in reviewing the proportionality of a sentence under the Eighth Amendment: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.  *Solem*[.]

In reconsidering its *Solem* analysis, a majority of the Court concluded that punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme.  In *McGruder v. Puckett*, the Fifth Circuit Court of Appeals analyzed [other precedent] and concluded that courts must 'initially make a threshold comparison of the gravity of [the] offenses against the severity of [the] sentence.'  'Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.'

A threshold proportionality analysis requires a comparison of the gravity of the crime with the severity of the sentence.  This Court will review a sentence to determine whether it is grossly disproportionate to the crime.  In determining whether a sentence is grossly disproportionate, we consider not only the present offense, but also appellant's criminal history.

Gravity of the Offenses

We judge the gravity of the offense in light of the harm caused or threatened to society and the offender's culpability.  Appellant pleaded guilty to aggravated sexual assault of a child, aggravated robbery, and burglary of a habitation with intent to commit aggravated sexual assault of a child.  All of these offenses are first degree felonies, and appellant received three life sentences to be served concurrently, which is at the maximum punishment allowed for each offense.

33

The evidence shows that appellant sexually assaulted two minors and physically assaulted another minor.  Each of these assaults was committed while appellant was burglarizing a home.  The harm to the victims of these assaults is evident, as well as the threat to society.

In his defense, appellant argued that his culpability for the crimes was lessened because he was addicted to drugs and started robbing people to pay for his habit.  While he may have turned to burglary and robbery to support his drug habit, his culpability for the sexual assaults is not lessened by such evidence.

The Texas Legislature has indicated a strong desire to punish those who sexually assault children by passing laws allowing consecutive sentences for multiple offenses committed during the same episode.  Therefore, given the violent nature and heinousness of the offenses, we conclude that the appellant's sentences are not grossly disproportionate to the offenses.

Harshness of the Penalties

When conducting an Eighth Amendment proportionality analysis, we may consider the sentence imposed in light of the accused's other offenses.  Here, appellant pleaded guilty to aggravated sexual assault of a child, aggravated robbery, and burglary of a habitation with intent to commit aggravated sexual assault of a child.  At punishment, the State presented extraneous offense evidence that appellant had burglarized another home and sexually assaulted a minor therein, while holding a knife to her throat.  In light of the seriousness of and violence involved in the crimes to which appellant pleaded guilty, as well the evidence of other similar extraneous offenses, appellant's sentences are not unduly harsh.

In sum, after weighing the gravity of the offenses against the harshness of the penalties assessed, we conclude that appellant's life sentences are not grossly disproportionate to the offenses that he committed.

Because appellant has not passed the threshold determination that his sentence was grossly disproportionate, we do not discuss the remaining *Solem* factors.

*Zelaya*, at *2–*5 (citations omitted).

It is well settled that federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent state procedural default. *Harris v. Reed*, 489 U.S. 255. 265 (1989). The Texas contemporaneous objection rule is recognized as constituting a procedural bar. *Nichols v. State*, 69 F.3d 1255, 1280 (5th Cir. 1995). Where a state court has explicitly relied on a procedural bar, a state petitioner's federal habeas petition cannot be granted absent petitioner's showing of good cause and actual prejudice attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Here, the state court expressly found that petitioner's challenge to the constitutionality of his sentences had not been preserved for appeal due to failure to object. Although petitioner argues that trial counsel was ineffective in failing to object, the intermediate state court upheld the sentence, and no deficient performance appears in the record. Accordingly, petitioner fails to show good cause and prejudice for his procedural default, and the Court is barred from considering or granting relief on the claim.

Regardless, the intermediate state court of appeals found against petitioner's claim on the merits. Even assuming this Court were to consider the merits of the claim, petitioner's continued bald dissatisfaction with the duration of his sentence is inadequate to meet his burden of proof under AEDPA. The Court finds no basis for setting aside the state court's adverse determination of petitioner's claim.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal

law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Conclusion

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE.   A certificate of appealability is DENIED.   Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 31, 2013.

Gray H. Miller
United States District Judge